IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAEEM NIZAR ALI MOMIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-23-157 |
| | § | |
| UR M. JADDOU, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This case stems from the denial of an application to adjust residency status. In April of 1994, Plaintiff Naeem Nizar Ali Momin ("Momin"), a citizen of Pakistan, entered the United States. He was later ordered to appear before an immigration judge but failed to appear. On June 17, 1994, he was ordered excluded in absentia. In 2000, he married in the United States and had several children. In 2014, Momin applied to the United States Citizenship Immigration Service ("USCIS") an adjustment of status and petitioned for permanent alien worker status, which were both denied. In 2017, Momin again sought an adjustment of status and in support of

that petition submitted a birth certificate but later withdrew this request as well. USCIS contends an investigation into Momin's applications shows the birth certificate submitted in support one of the applications contained a false date of birth. In 2019, Momin submitted a third application for adjustment of status. In August of 2020, USCIS issued a Notice of Intent to Deny ("NOID"), indicating Momin stated in one of the applications he never submitted any fraudulent or counterfeit documents. Momin was ultimately found inadmissible. Momin then filed an Application for Waiver of Grounds of Inadmissibility, which USCIS also reviewed but again found to contain inaccurate statements about the authenticity of previously provided documents. On December 23, 2020, USCIS denied his application. On November 21, 2021, USCIS issued a superseding decision, reiterating its findings regarding the false documents.

On January 17, 2023, Momin brought this action against USCIS and Defendant Ur M. Jaddou, in her official capacity, Defendant Alejandro Mayorkas, in his official capacity, Defendant Wallace L. Carroll, in his official capacity, and Defendant Merrick Garland, in his official capacity, seeking judicial review under the Administrative Procedures Act and a declaratory judgment. On April 15, 2023, USCIS moved to dismiss for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. Fed. R. Civ. P. 12(b)(1). A motion for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter jurisdiction is required to determine the validity of any claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

## III. LAW & ANALYSIS

USCIS contends the Court lacks jurisdiction to review its decision as to the applications for adjustment of status and waiver of inadmissibility because the

statute precludes judicial review such decisions. Momin contends the Court does have subject matter jurisdiction because he was never in removal proceedings and is not challenging the final order of exclusion, but rather seeks review of USCIS's decision to deny his applications based on the allegation he submitted fraudulent documents in his applications.

A noncitizen living in the United States may seek an adjustment of his status to that of permanent resident without leaving the country under 8 U.S.C. § 1255(a). Noncitizens married to citizens qualify for this adjustment process. *See* 8 U.S.C. § 1255(e). The Attorney General, "in his discretion and under such regulations as he may prescribe," may grant such an application for adjustment if "(1) the [noncitizen] makes an application for such adjustment, (2) the [noncitizen] is eligible to receive an immigration visa and is admissible to the United States for permanent residence, and (3) an immigration visa is immediately available for him at the time his application is filed." 8 U.S.C. § 1255(a). Thus, the Attorney General has the discretion to adjust the status of a noncitizen so long as that noncitizen is considered "admissible" under 8 U.S.C. § 1182. Any noncitizen who "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit" is considered inadmissible for the purposes of 8 U.S.C. § 1255(a). 8 U.S.C. §§ 1182(a)(6)(C)(i), 1182(a)(6)(C)(ii). If a noncitizen is inadmissible, he may apply

4

for a waiver of grounds of inadmissibility but the decision to waive such inadmissibility is committed to the discretion of the Attorney General. *Id.* § 1182(i)(1). No court has jurisdiction to review a decision or action regarding a waiver under § 1182(i). *Id.* § 1182(i)(2).

Further, "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255, or . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be the discretion of the Attorney General or Secretary of Homeland Security." 8 U.S.C. §§ 1252(a)(2)(B)(i), 1252(a)(2)(B)(ii). The Supreme Court recently held this provision "encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief." *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022) (emphasis in original). Stated plainly, "judicial review of fact determinations is precluded in the discretionary-relief context." *Id.* at 1627. However, there is an exception to this jurisdictional bar for is a review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. §§ 1252(a)(2)(D).

Here, Momin entered the United States in 1994 and was promptly ordered excluded. He later applied for an adjustment of status several times, one of which using a birth certificate with a false date of birth. Momin contends the false date was a typographical error made by the Pakistani government and not an attempt to

5

mislead USCIS. However, USCIS found he was inadmissible under § 1182. After he was found inadmissible, Momin applied for a waiver of inadmissibility, which was also denied. USCIS contends the Court lacks jurisdiction to review both its decisions to deny Momin's applications for adjustment of status under 18 U.S.C. § 1255 and his application for waiver of inadmissibility under 18 U.S.C. § 1182. USCIS contends it properly found Momin to be inadmissible under 8 U.S.C. §§ 1182(a)(6)(C)(i)–(ii) because he presented documents containing false information in his application and then subsequently represented that those documents were true and correct.

While Momin argues this was an inadvertent error, it remains that the decisions to find an alien to be inadmissible and deny an application for adjustment of status on that basis is squarely within the discretion USCIS. 8 U.S.C. § 1255(a). It is also within the discretion of USCIS to deny an application for waiver of inadmissibility. *Id.* § 1182(i)(2). Additionally, the plain language of the statute precludes judicial review of decisions made under § 1255, that is decisions regarding applications for adjustment of status, as well as decisions made under § 1182(i) relating to waivers of inadmissibility. *See Id.* §§ 1252(a)(2)(B)(i)–(ii), 1182(i)(2). Further, the Supreme Court has reiterated this jurisdictional bar applies "any judgment *relating to* the granting of relief," including factual determinations necessary for discretionary relief. *Patel*, 142 S. Ct. at 1622, 1627. Given this, the

Court finds it lacks subject matter jurisdiction to review USCIS's denials of Momin's applications for adjustment of status and waiver of inadmissibility. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is granted.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Document No. 5) is **GRANTED**.

SIGNED at Houston, Texas, on this 20 day of June, 2023.

DAVID HITTNER
United States District Judge

7